## Schneebele's Estate.

*Wills—Equitable conversion—Fiction ends with first devolution.*
The fiction of equitable conversion does not go any further than the devolution from the first decedent; when the property has once vested in those entitled under the will of the first decedent, it descends thereafter according to its character as it actually is, though a change in character had been brought about by the exercise of an optional power of sale.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1925, No. 165.

*James R. Anderson*, for exceptions; *Welsh & Bluett*, contra.

VAN DUSEN, J., May 22, 1925.—Certain real estate passed by the will of the decedent to his widow for life, with power of sale, and with remainder to his two children. The widow exercised the power of sale and turned the real estate into money. Thereafter, in 1908, one of the children, a married woman, died intestate; and her surviving husband claims the whole of her share of the fund as personal property, in which shape it was at the time of his wife's death; and the Auditing Judge awarded it to him. The exceptant, a brother, claims this sister's share as the person entitled to her real estate under the law as it then was, the husband not being entitled to his curtesy because his wife died without coming into possession.

The fund was in fact personal estate at the time this woman died, and it is only by fiction that it can be treated as real estate. The familiar fiction of conversion, by which property is treated as though it was what it ought to be instead of what it is, does not go any further than the devolution from the first decedent. When the property has once vested in those entitled under the will of the first decedent, it descends thereafter according to its character as it actually is, though the change in character has been brought about by the exercise of an optional power of sale. This is fully discussed and explained and expressly ruled in Lackey's Estate, 149 Pa. 7, on a state of facts like those in the case at bar; a decision followed by this court in Simpson's Estate, 24 Dist. R. 154. Those cases rule this one.

The exceptions are dismissed and the adjudication is confirmed absolutely.